Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3745 | **DATE** | June 4, 2012 |
| **CASE TITLE** | Green et al vs. Konica Minolta Business Solutions U.S.A., Inc. | | |

**DOCKET ENTRY TEXT**

This matter having been referred to this court for the disposition of pending discovery motions, Plaintiffs' motion to quash subpoenas and for protective order [18] is denied. Defendant's cross-motion to compel [21] is granted. All matters relating to the referral of this action having been concluded, the referral is closed and the case is returned to the assigned District Judge.

■[For further details see text below.]

Notices mailed by Judicial staff.

# STATEMENT

On March 30, 2012, the parties filed a joint motion to extend the discovery deadline in this case and asked to extend the deadline by six months. (R. 16, Mot., ¶ 1.) On April 4, 2012, the assigned District Judge granted the motion in part and extended the deadline by one month from April 25, 2012, to May 31, 2012. (R. 17, April 4, 2012 Ord.) When granting the motion in part, the assigned District Judge advised the parties that she would not extend the discovery deadline again. (Id.)

On May 9, 2012, Defendant's counsel emailed the following to Plaintiffs' counsel and asked for any declarations or other written statements by May 10, 2012:

> Please let me know your availability tomorrow afternoon to "meet and confer" in accordance with the applicable rules regarding declarations or other written statements discoverable in [this case]. Given the fast-approaching discovery deadline, it is imperative that we understand what responsive statements you have and when you will produce them. Depending on your cooperativeness, we may seek court intervention. Of course, a meet and confer will be unnecessary if you produce all declarations and, if they exist, other responsive written statements, before tomorrow afternoon.

(R. 23-2, Def.'s Mot., Ex. 1 at 2.) Two days later, on Friday, May 11, 2012, after the close of business at 6:16 p.m. (e.s.t.), Plaintiffs' counsel emailed the declarations of six technicians ("declarants") to Defendant's counsel. (R. 23-5, Def.'s Mot., Ex. 4 at 3.) The following day, Saturday, May 12, 2012, Defendant's counsel replied to the email seeking confirmation that there were no other declarations or statements. (Id. at 2.) Two days later on Monday, May 14, 2012, Plaintiffs' counsel responded to the email and stated that, "[w]e have provided you with all non-privileged documents." (Id.)

## STATEMENT

The next day, Tuesday, May 15, 2012, Defendant's counsel conferred with Plaintiffs' counsel about scheduling the depositions of the declarants before the discovery deadline. (R. 23-6, Def.'s Ex. 5 at 2.) The parties were unable to agree on a deposition schedule because Plaintiffs' counsel took the position that they were unable to proceed with the depositions. (Id.) At this point, Defendant had only 16 days left to complete the depositions of these declarants who were identified four days prior. Not getting anywhere with Plaintiffs' counsel, Defendant issued subpoenas for the deposition of the declarants from May 23, 2012, to May 31, 2012, the very next day and advised Plaintiffs' counsel of these subpoenas. (Id.) Defendant issued these subpoenas for the depositions only five calendar days after Plaintiffs' counsel identified the declarants and only one day after Defendant's counsel discovered that Plaintiffs were unwilling to agree to scheduling these depositions.

On May 21, 2012, five days after Defendant notified Plaintiffs of the depositions, Plaintiffs filed the instant motion to quash the subpoenas on the basis that Defendant failed to provide them with reasonable notice and that these depositions will cause undue burden on Plaintiffs and the declarants. Plaintiffs also asserted that Defendant should not be permitted to depose the declarants because it knew of their names and contact information as they were part of the 250 putative class members. Plaintiffs did not assert in their motion that their attorneys also represent the declarants. The declarants themselves did not file any motion to quash or seek any relief from this court from the demands of the subpoenas.

Plaintiffs' objections are overruled. Pursuant to Federal Rule of Civil Procedure 30(b)(1), "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." The rule does not provide a fixed rule as to what constitutes "reasonable written notice." The reasonableness of a written notice depends upon the surrounding factual circumstances. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005). Here, Defendant's notice of the proposed depositions of the declarants was reasonable under the circumstances of this case. Defendant moved quickly to depose the declarants as soon as it discovered that these putative class members executed declarations to be used in this litigation. The deposition schedule proposed by Defendant was aggressive but Defendant was left with very little choice because Plaintiffs were unwilling to proceed with the depositions by agreement and Defendant had only 16 days left in the discovery period to complete these depositions. Under these circumstances, Defendant's notice of the depositions in question was reasonable. Also, Plaintiffs' undue burden objection does not warrant any lengthy discussion. Having to scramble and to accomplish multiple tasks in a short span of time during litigation are not out of the ordinary or unexpected especially because the parties were unable to secure the six-month extension they sought back on March 30, 2012, and because Plaintiffs did not disclose the declarants until May 11, 2012. Accordingly, there is no basis for quashing the subpoenas in question.